```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT TREMAINE; FORT MYERS LOCAL
CHARITIES BINGO, INC.,

               Plaintiffs,

vs.                                Case No. 2:04-cv-151-FtM-29SPC

HOMER F. DOWNS, II; LLOYD L.
LATHROP; JON D. GOLDSTEIN; JONATHAN
KAPLAN; LLDD, INC.; CAPE CORAL
BINGO, INC.; BB & B MANAGEMENT
CONSULTANTS, INC.; JDG LEASING-PHASE
II, INC.; AMUSEMENT & MANAGEMENT
CO., INC. OF LEE COUNTY; THE
ASSOCIATION OF FLORIDA BINGOS, INC.,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Final Default Judgment (Doc. #152), filed on September 7, 2006, seeking a default judgment against defendant Homer F. Downs, II. The Court finds that an evidentiary hearing is not required and the matter is otherwise ripe for review.

The Complaint (Doc. #1) was filed on March 15, 2004 alleging a violation of the Racketeering Influenced and Corrupt Organizations act (RICO), violations of the Sherman Antitrust Act, a violation of the Clayton Act, and a violation of Florida's antitrust laws. Defendant Homer Downs initially appeared by and through counsel and filed an Answer and Affirmative Defenses (Doc. #137). On August 14, 2006, the Court entered an Order (Doc. #146)

granting a request for default due to defendant Homer F. Downs' failure to participate in discovery or file a responsive pleading. A Clerk's Entry of Default (Doc. #147) was made on August 15, 2006. Therefore, all prerequisites pursuant to Fed. R. Civ. P. 55(a) have been met.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]  Upon review of the Complaint and the allegations therein, the Court finds that defendant Homer Downs, II is deemed to have admitted the well-pleaded allegations therein and is concluded by those facts.  Therefore, plaintiffs are entitled to a default judgment.

With regard to damages, plaintiffs seek $355,000.00, the amount personally invested in the Bingo enterprise known as Fort Myers Local Charities Bingo by Robert Tremaine.  Plaintiffs further seek $750,000.00 in revenue not realized by Fort Myers Local Charities Bingo; and $1,250,000.00 that would have been realized

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

from the sale of the bingo operation to Old Morgan House, Inc. for a total of $2,355,000.00. The Court finds that plaintiffs are entitled to the requested damages, however, only the $355,000.00 is attributable to Robert Termaine, individually. Therefore, the damages will be separated and the multiplier will be granted. The Court will also grant pre-judgment interest on the actual damages only.

Plaintiffs seek to have the Court specifically find that any award of damages would be non-dischargeable in bankruptcy. As plaintiffs are essentially seeking an advisory opinion in the event that defendant files for bankruptcy, the Court will not make such a finding, or interfere pre-petition with the administration of a bankruptcy filing.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiffs' Motion for Final Default Judgment (Doc. #152) is **GRANTED** and the Clerk shall enter judgment in favor of plaintiff Robert Tremaine in the amount of $1,065,000.00 and in favor of plaintiff Fort Myers Local Charities Bingo, Inc. in the amount of $6,000,000.00, with prejudgment interest accruing from October 31, 2002, on the base amount of $355,000.00 as to Robert Tremaine and base amount of $2 million as to Fort Myers Local Charities Bingo, Inc., at the current statutory legal rate to be inserted by the Clerk until paid in full.

2. A settlement was reached as to all other defendants[2], however, final documents have not been filed as to defendant Jonathan Kaplan and Amusement & Management Co., Inc. of Lee County. Therefore, the case is otherwise administratively dismissed without prejudice for a period of **TEN (10) DAYS** from the date of this Order to allow the remaining parties to submit a stipulated form of order or judgment. After that period of time, the Court will enter an Order, without further notice, dismissing the defendants *with prejudice* and closing the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of March, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Parties of record

---

[2] Judgments were entered as to the remaining defendants on April 14, 2006; August 14, 2006; and August 25, 2006. (Docs. #110, #145, #151.)

-4-